Filed 10/20/15  P. v. Gaye CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>HOWARD GAYE,<br><br>        Defendant and Appellant. | B262372<br><br>(Los Angeles County<br>Super. Ct. No. NA098021) |

APPEAL from a judgment of the Superior Court of Los Angeles County. James D. Otto, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No response by Plaintiff and Respondent.

_____

On January 15, 2014, Howard Gaye was arrested after he was caught leaving a Wal-Mart in Long Beach with nearly $300 in stolen merchandise. On January 17, 2014, Gaye was charged with one count of second degree burglary (Pen. Code, § 459),[1] along with allegations that he had suffered the following prior convictions for purposes of the one-year sentence enhancement provided by section 667.5, subdivision (b): Three for petty theft with a prior conviction (§ 666); three for burglary; and one for the transportation or sale of drugs (Health & Saf. Code, § 11352).

Gaye, who was represented by a public defender, pleaded no contest to the burglary charge on February 4, 2014, and admitted the truth of the prior conviction allegations. There is no reporter's transcript from that hearing, but the trial court's minute order specifies that Gaye received all the necessary advisements concerning the rights he was waiving. He was sentenced to five years in county jail, consisting of three years for the burglary conviction and two years under section 667.5, subdivision (b).

In December 2014 Gaye filed an application for resentencing under section 1170.18, which the voters had adopted as Proposition 47 and which took effect one month earlier. Because Gaye's shoplifting offense had been reclassified as a misdemeanor, the new law allowed him to seek a reduced misdemeanor sentence. The trial court granted that motion in January 2015 and resentenced Gaye to serve one year in county jail followed by one year on parole. (§ 1170.18, subd. (d).)

Gaye filed a notice of appeal. On June 17, 2015, his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he had reviewed the record and had sent Gaye a letter advising him that such a brief would be filed and that he could file a supplemental brief if he chose to. Two days

---

[1]    All further undesignated section references are to the Penal Code.

later, this court sent Gaye a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief raising any issues he wanted us to consider.  He did not file a supplemental brief.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.

RUBIN, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.

3